## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD D. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1302 AGF |
| | ) | |
| WAL-MART, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will order plaintiff to file an amended complaint in accordance with the parameters set forth below.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action alleging, generally, violations of his civil rights. In a conclusory fashion, plaintiff asserts that defendant Wal-Mart discriminated against him on the basis of his race and gender when they denied his application to purchase a firearm. Plaintiff has not stated the grounds upon which he is filing the instant lawsuit, although he has attached a notice of right to sue from the Missouri Commission on Human Rights ("MCHR"), as well as a copy of the MCHR investigative file. It appears, although it is not clear, that plaintiff is attempting to assert a claim under the Missouri Human Rights Act ("MHRA") for discrimination in public accommodations.[1]

Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. The Federal Rules of Civil Procedure require litigants to

---

[1]The Court has reservations as to whether such a claim would succeed in this Court. Importantly, plaintiff has not articulated the basis for this Court's jurisdiction over this purely state law claim. Moreover, it appears from a review of the record that such a claim would be time-barred. The notice of right to sue is dated April 7, 2010. Plaintiff did not file the instant action until July 15, 2010, more than ninety (90) days past his receipt of the notice of right to sue. See Mo.Rev.Stat. § 213.111.1 (requiring an action to be filed within ninety (90) days from the date of the commission's notification letter to the individual). Thus, it seems very likely that a claim for discrimination under the MHRA would be time-barred.

formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Simply put, plaintiff's allegations are conclusory, and the exact nature of his claims, the statutory bases for these claims, and the basis for this Court's jurisdiction are unclear to the Court. For these reasons, plaintiff will be required to amend his complaint and set forth, to the best of his ability, (i) his alleged claims, in a simple, concise, and direct manner, and (ii) the facts supporting his claims. Importantly, plaintiff must also state, in a clear manner, the basis for this Court's jurisdiction over his complaint. After plaintiff submits his amended complaint, the Court will be better able to determine whether any claims are frivolous or fail to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on the Court form, in accordance with the requirements set forth above, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Order will result in a dismissal of his action without prejudice.

Dated this 30th day of July, 2010.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE