UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD D. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CV1302 AGF |
| | ) |
| WAL-MART, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's amended complaint, filed in response to the Court's July 30, 2010 Memorandum and Order. After reviewing Plaintiff's amended complaint, the Court will dismiss this action pursuant to Federal Rules of Civil Procedure 12(h)(3) and 41(b).

### Procedural Background

Plaintiff filed the instant action on July 15, 2010, alleging, generally, violations of his civil rights. In his original complaint, Plaintiff asserted, in a conclusory fashion, that Defendant Wal-Mart discriminated against him on the basis of his race and gender when it denied his application to purchase a firearm. Although Plaintiff attached to his complaint a notice of right to sue from the Missouri Commission on Human Rights, he failed to specify the basis for this Court's jurisdiction over his action. Because Plaintiff's allegations were conclusory

and he had failed to state the grounds upon which he was filing the instant lawsuit, the Court ordered Plaintiff to amend his complaint in order to articulate a basis for this Court's jurisdiction and to conform with Federal Rules of Civil Procedure 8 and 10. Plaintiff filed an amended complaint on August 13, 2010. Because Plaintiff is proceeding in forma pauperis in this action, the Court is obligated to review his amended complaint pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal

conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether the plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**Discussion**

In his amended complaint, Plaintiff again alleges that he was denied the ability to purchase a firearm from Defendant Wal-Mart. Plaintiff asserts, in a conclusory manner, that he believes Wal-Mart refused to sell him a gun because of his race (black) and sex (male). Although Plaintiff mentions that he "filed a complaint with the M.C.H.R.,"[1] he has again failed to articulate the basis for this

---

[1] The Court presumes Plaintiff is referring to the Missouri Commission on Human Rights.

Court's jurisdiction over his action, instead, asserting generally a violation of his "civil rights." However, the Court is unable to tell whether Plaintiff is attempting to assert a claim for discrimination under the Missouri Human Rights Act, 42 U.S.C. § 1981, or some other statutory provision. As noted in the Court's previous Memorandum and Order, although a Court must liberally construe a plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for a plaintiff that assumes facts that have not been pleaded.[2] See, e.g., U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff was warned in the Court's prior Memorandum and Order that he must state, in a clear manner, the basis for this Court's jurisdiction over his amended complaint. Plaintiff has failed to do so, and as a result, the Court will dismiss his amended complaint pursuant to Federal Rules of Civil Procedure 12(h)(3) and 41(b).

---

[2]Even if Plaintiff were attempting to assert a claim for discrimination in public accommodations under the Missouri Human Rights Act <u>and</u> this Court had some basis for jurisdiction over his claim, it appears from the record that such a claim would be time-barred. The notice of right to sue is dated April 7, 2010. Plaintiff did not file the instant action until July 15, 2010, more than ninety (90) days past his receipt of the notice of right to sue. See Mo. Rev. Stat. § 213.111.1 (requiring an action to be filed within ninety (90) days from the date of the Commission's notification letter to the individual).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to be issued on the amended complaint because this action is subject to dismissal for lack of jurisdiction and for failure to comply with the Court's July 30, 2010 Memorandum and Order.

Dated this 30th day of March, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE